IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60345
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHAWN BURTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CR-154-All-BS
--------------------
March 23, 2001

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Shawn Burton was convicted of one count of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Burton argues three errors on appeal.

Burton first argues that the district court abused its discretion by denying him a continuance to procure a potentially favorable witness. When a continuance is requested because a witness is unavailable, the following factors must be established: (1) that due diligence has been exercised to obtain the witness; (2) that substantial favorable evidence would be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tendered by the witness; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would materially prejudice the movant. See United States v. Scott, 48 F.3d 1389, 1394 (5th Cir. 1995). Our review of the record persuades us that Burton has failed to establish at least two of the four factors, due diligence and the availability and willingness to testify of the witness. Therefore, we conclude that the district court did not abuse its discretion.

Burton also argues that he received ineffective assistance of counsel because his attorney failed to take timely steps to locate the witness. This court generally declines to review claims of ineffective assistance of counsel on direct appeal. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Despite Burton's assertion that the present record is sufficient, we are unpersuaded that it is sufficiently developed to allow us to fairly evaluate the merits of this claim. We therefore reject this claim without prejudice.

Finally, Burton argues the district court erred by allowing the introduction of evidence of a strong-arm robbery, which the Government contended was how Burton obtained the handgun. The testimony and evidence that Burton had obtained the handgun through a robbery two days earlier was probative evidence of Burton's knowing possession of the firearm and was not relevant

solely to the issue of Burton's character. In addition, Burton's acquisition of the handgun was a "necessary preliminar[y]" to his possession the handgun, and "complete[d] the story of the crime." See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996). However, the evidence must also be evaluated for the possibility of unfair prejudice under Rule 403. This court has noted that a trial court should be "cautious and sparing" in its exclusion of evidence under Rule 403 because "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits the exclusion of relevant [evidence] under Rule 403." United States v. Pace, 10 F.3d 1106, 1115-1116 (5th Cir. 1993). In this case, the probative value of the evidence relating to the robbery was not substantially outweighed by the danger of unfair prejudice. In addition, the district court limited any prejudicial effect by including an instruction that "[t]he defendant is not on trial for any act or conduct or offense not alleged in the indictment." R. 4, 287. Because the district court did not abuse its discretion, Burton's claim is without merit.

AFFIRMED.